**Leonardo Chito ALGARNE, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72045.
INS No. A29–236–933.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2003.*

Decided May 20, 2003.

Before PREGERSON, REINHARDT, and GRABER, Circuit Judges.

## MEMORANDUM**

Leonardo Chito Algarne, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") decision denying as untimely his motion to reopen deportation proceedings after the BIA affirmed an immigration judge's denial of his request for suspension of deportation. Because the transitional rules apply, *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1183 (9th Cir.2001) (en banc), we have jurisdiction under 8 U.S.C. § 1105a(a). We review for abuse of discretion the denial of a motion to reopen and review de novo claims of due process violations. *Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1222 (9th Cir.2002). We grant the petition and remand.

The filing period for a motion to reopen is subject to equitable tolling. *See Socop–Gonzalez*, 272 F.3d at 1193. Because the record demonstrates that Algarne exercised reasonable diligence by relying on false assurances from his former attorney that his appeal was still pending before this court, equitable tolling is warranted, and the BIA improperly denied Algarne's motion as untimely. *See Rodriguez–Lariz*, 282 F.3d at 1224–25 (applying equitable tolling where counsel made false representations to petitioner).

On the merits of his motion to reopen, Algarne met the standard for ineffective assistance of counsel because the defective representation he received violated his due process right to a fair hearing on the issue of suspension of deportation, *see id.* at

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1226–27, and demonstrated prejudice. *See Dearinger v. Reno*, 232 F.3d 1042, 1045–46 (9th Cir.2000) (holding that prejudice for ineffective assistance of counsel shown where counsel filed late brief and petitioner demonstrated "plausible grounds for relief"). Accordingly, the petition for review is granted. The BIA's decision is reversed and remanded with directions to grant petitioner's motion to reopen. *See Rodriquez–Lariz*, 282 F.3d at 1227.

The court sua sponte changes the docket to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

**PETITION FOR REVIEW GRANTED; REVERSED AND REMANDED.**

GRABER, Circuit Judge, dissenting.

In the circumstances, I would not conclude the BIA abused its discretion.